UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNSON & JOHNSON VISION CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIBA VISION CORPORATION <br><br> Defendant. | 04 CIV. 07369 (LTS) <br><br> ECF CASE |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, N.Y. 10173-1922
(212) 547-5400

-and-

600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000

*Attorneys for Defendant*
*CIBA Vision Corporation*

Defendant CIBA Vision Corporation ("CIBA") submits this memorandum of law in support of its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Plaintiff Johnson & Johnson Vision Care, Inc. ("JJVC") has not submitted evidence sufficient to prove that it is entitled to an accounting of CIBA's profits, or recovery of attorneys fees. JJVC has not even made a prima facie case, let alone adduced sufficient evidence to permit a finder of fact to find for the plaintiff, based on a preponderance of the evidence. Therefore, this Court should grant CIBA's motion for judgment as a matter of law.

## I.   STANDARD FOR JUDGMENT AS A MATTER OF LAW

Under Federal Rule of Civil Procedure 50(a):

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may...(A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Rule 50(a) enables a court to enter judgment against a party where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. . . ." Fed. R. Civ. P. 50(a). Whether the evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the court. *See Weldy v. Piedmont Airlines*, 985 F.2d 57, 59 (2d Cir. 1993). The standard for a motion for judgment as a matter of law is the same as for summary judgment under Fed. R. Civ. P. 56. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (U.S. 2000); *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir. 1998).

In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. *See Reeves*, 530 U.S. at 150. In doing so, the court

must draw all reasonable inferences in favor of the nonmoving party. *See id.* The Rule 50 standard turns on whether the evidence can reasonably support a finding in plaintiff's favor. *See McCarthy v. New York City Tech. College*, 202 F.3d 161, 167 (2d Cir. 2000); *Davis v. City of New York*, 228 F. Supp. 2d 327, 330 (D.N.Y. 2002)(granting defendant's Rule 50 motion), *aff'd*, 75 Fed. Appx. 827 (2d Cir. 2003).

As the Supreme Court has stated, whether judgment as a matter of law is appropriate will depend on (i) whether the plaintiff's evidence established a prima facie case, (ii) whether there is any evidence that supports the Defendant's case that properly may be considered under Rule 50, and (iii) whether the proof offered creates an actual issue for the jury. *Reeves*, 530 U.S. at 151; *see also Garlock v. Nelson*, 1998 U.S. Dist. LEXIS 8751 (D.N.Y. 1998). The court must first decide whether the Plaintiff properly established its prima facie case. *See DiSanto v. McGraw-Hill, Inc.*, 220 F.3d 61, 64 (2d Cir. 2000) (affirming the District Court's ruling to grant judgment as a matter of law for failure to establish a prima facie case); *See McCarthy v. New York City Tech. College*, 202 F.3d 161, 167 (2d Cir. 2000)(same). If the Plaintiff has failed to establish a prima facie case, a motion for judgment as a matter of law should be granted. *See See DiSanto*, 220 F.3d at 64; *See McCarthy*, 202 F.3d at 167.

Even if plaintiff has established a prima facie case, the court must next consider whether there is an issue for the jury in light of all of the evidence in the record. In deciding a Rule 50 motion, the court should give credence to the evidence favoring the non-moving party "as well as evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves*, 530 U.S. at 151. Where all of the evidence in the record, including the evidence supporting defendant's case that may properly be

considered under Rule 50, cannot reasonably support a finding in plaintiff's favor, a Motion for judgment as a matter of law should be granted.

## II.  ARGUMENT

### A.  Ciba is entitled to judgment as a matter of law on JJVC's claim to an accounting of Ciba's profits

The Second Circuit has made absolutely clear that the type of damages JJVC has elected to pursue in this case – an award of defendant's profits -- is "rarely" given in false advertising cases:

> We assume without deciding that an accounting of profits might also be awarded directly in exercise of the powers of a court of equity. The standards for ordering an accounting, however, would not thereby be relaxed. *Such relief is rarely granted and appears to have been limited to situations in which the defendant's profits represent unjust enrichment derived from diversion of business that clearly would otherwise have gone to the plaintiff, such as in instances where the defendant palmed off its goods as made by the plaintiff or otherwise infringed the plaintiff's rights rather than engaged simply in false advertising of the defendant's own product.*

*Burndy Corp. v. Teledyne Industries, Inc.* 748 F.2d 767, 772 (2d Cir. 1984) (emphasis added).

The instant case does not present a situation where CIBA palmed off its goods as made by JJVC or otherwise diverted business that "clearly" would otherwise have gone to JJVC. In circumstances such as these, an award of the defendant's profits is unwarranted.

#### 1.  JJVC Has Not Established A General Right To Damages

In its July 28, 2006 Opinion, this Court noted that Plaintiff JJVC "seeks an accounting in order to recover profits as a proxy for its own damages sustained from the infringement." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 2006 U.S. Dist. LEXIS 51869, *11 (S.D.N.Y. 2006). The Court held that "before a plaintiff can

receive an accounting of a defendant's profits on this basis, the plaintiff must show * * * 'a general right to damages.'" *Id. See also Mobius Management Systems, Inc. v. Fourth Dimension Software, Inc.*, 880 F. Supp. 1005, 1022-23 (S.D.N.Y. 1995) (plaintiff "must show that he or she suffered some damage as a result of defendant's misrepresentations" in order to recover an accounting of defendant's profits).

JJVC has not established a general right to damages. JJVC's only evidence of harm it has suffered is a statement allegedly made to JJVC's Vice President of Sales, David Smith, by a single doctor. However, in ruling on CIBA's motion in limine to exclude this testimony as hearsay, the Court explicitly rejected JJVC's argument that the statement could be admitted for the proposition that the doctor was *concerned* about the critical minimum threshold.

> THE COURT: So these are questions from eye care practitioners as to, Is your lens meeting the critical minimum, or is that a critical minimum.
>
> MR. WEINBERGER: Yes.
>
> THE COURT: And not, I am worried that your lens doesn't meet the critical minimum?
>
> MR. WEINBERGER: Well, I don't know that that would be any different. That's not what he is going to say. But I don't think that would be any different, because, in either event, in either event, the issue that we're trying to use this for is that people were concerned, that this raised concern. And so the only thing that counts is what they said. The truth of what they said is irrelevant.
>
> THE COURT: Well, if what you're trying to prove is, well, this is the thing, if you're trying to prove that they were truly concerned with a statement, an out-of-court statement, I am truly concerned, the format and context of that, I think, raises hearsay issues that are far more serious than your simply quoting the fact that a question was raised.
>
> MR. WEINBERGER: The former only.

\* \* \*

> THE COURT: CIBA's motion in limine is denied to the extent it is directed to evidence of questions prompted by the advertisements. I find that the proffered testimony of a witness as to questions asked of him that were apparently prompted by this advertisement is not hearsay and may be offered at this trial.

Trial Tr. at 150, 153.

In short, JJVC sought to introduce the out of court statement of the doctor to establish that doctors were concerned by the 90 Dk/t statement. The Court rejected that argument, noting that if the out of court statement were offered to prove that the doctors was "truly concerned," that would raise serious hearsay issues. Thus, because of the Court's limiting ruling, Mr. Smith's testimony regarding the out of court statement allegedly made by this single doctor is not and cannot be evidence that the doctor was actually *concerned* that JJVC's product did not meet this critical minimum threshold. In the absence of any evidence that any doctor was at least *concerned* about whether JJVC's product met the 90 Dk/t threshold, much less that any doctor actually *believed* that 90 Dk/t was a critical minimum threshold, JJVC has offered no evidence that it suffered any actual reputational harm as a result of the false advertising. In the absence of a showing of reputational harm, JJVC has not met its burden of establishing a general right to damages.

Moreover, even if, contrary to the Court's ruling, the doctor's out of court statement were probative of whether the doctor was concerned that JJVC's product fell below this critical minimum, this would be insufficient to establish a general right to damage. Plaintiff must show that it has suffered *quantifiable* reputational harm in order for reputational harm to serve as a basis to establish a general right to damages. *Mobius Management Systems, Inc. v. Fourth Dimension Software, Inc.*, 880 F. Supp. at 122,

citing *Alpo Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 969 (D.C. Cir. 1990). JJVC has not sought to introduce any evidence that it suffered *quantifiable* harm to its reputation. An out of court statement by a single doctor does not suffice.[1]

Nor does the damages model offered by JJVC's damages expert, Mr. Imburgia, establish that JJVC suffered harm. To the contrary, Mr. Imburgia testified that in his expert report, he never said that the false advertising hurt JJVC:

> Q:  One of the things that I think you argue in your expert report is that CIBA's launch of O2Optix and the false advertising was hurting Johnson & Johnson's sales. Right?
>
> A:  Well, the – no, I never said that in my expert report.

Trial Tr. at 370. Accordingly, Mr. Imburgia's testimony cannot establish that JJVC suffered any harm as a result of the false advertising or that JJVC has a general right to damages.

In sum: JJVC has not introduced evidence of reputational harm, much less quantifiable reputational harm, nor has it introduced any other evidence that it suffered harm from the false advertising. Because JJVC has failed to establish a general right to damages, its claim for an accounting of CIBA's profits must fail.

### 2. JJVC Has Not Established Actual Consumer Confusion or Deception Resulting From The False Advertising

The rule in this Circuit is that in order for a Lanham Act plaintiff to receive an award of damages the plaintiff must prove either actual consumer confusion or deception, or that the defendant's actions were intentionally deceptive, thus giving rise to a

---

[1] The evidence JJVC introduced in the damages phase with regard to reputational harm (an alleged out of court statement by a single doctor) is far less substantial than the evidence JJVC introduced at the injunctive phase, which the Court had previously relied upon to deny CIBA's motion for summary judgment.

rebuttable presumption of consumer confusion. *Resource Developers, Inc v. Statute of Liberty-Ellis Island Foundation, Inc.*, 926 F.2d 134, 139 (2d Cir. 1991); *The George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992).

Plaintiff has not met its burden of proving actual consumer deception. In *PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc.*, the Second Circuit noted that actual consumer deception "often is demonstrated through the use of direct evidence, e.g., testimony from members of the buying public, as well as through circumstantial evidence, e.g. consumer surveys or consumer reaction tests." 818 F.2d at 271. JJVC has no direct evidence in the form of testimony from eye care professionals that as a result of the CIBA's advertising he or she *believed* that 90 Dk/t is a critical minimum or that 75% of patients preferred (or selected) $O_2OPTIX$ over Acuvue Advance, and that he or she prescribed $O_2OPTIX$ based on these beliefs. Further, JJVC has no circumstantial evidence, whether in the form of a consumer survey, consumer reaction test, or otherwise, to establish that eye care professionals were actually deceived by the false advertising.

The *only* potential evidence of consumer deception is the testimony offered at trial by David Smith, JJVC's Vice President of Sales. He testified that he made sales calls one day during September, 2004. On that day, Mr. Smith testified, "we made seven sales calls." He further testified that "[t] subject of oxygen transmissibility came up a couple of times and there was one specific conversation where the doctor brought up the topic of critical minimum thresholds and whether our products met those critical minimum thresholds." 2/7/07 Trial Tr. at 236-37. He admitted on cross that he did not know whether this doctor ever stopped buying J&J's product. Id. at 240.

As noted above, the Court's ruling on CIBA's motion in limine clearly mandated that this testimony cannot be offered to prove this unnamed doctor was even *concerned* about the 90 Dk/t claim, much less that he actually *believed* that 90 Dk/t was a critical minimum threshold to avoid severe hypoxic stress, which would be required to establish actual consumer deception. That is, absent evidence that doctors *actually believed* that 90 Dk/t was a critical minimum threshold to avoid severe hypoxic stress, there is no evidence that consumers (in this case, eye care professionals) were *actually deceived* by the false statement. Here, the evidence does not show that even this single doctor was even *concerned*, much less that he *actually believed* that 90 Dk/t was a critical minimum. That clearly would be hearsay, and the out of court statement could not be admitted for that purpose. Thus, JJVC has offered absolutely no proof of actual consumer deception.

Further, JJVC has not offered any evidence that the defendant's actions were *intentionally deceptive*, which would be required to give rise to a rebuttable presumption of consumer confusion. *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d at 1537 (it is "well settled that in order for a Lanham Act plaintiff to receive an award of damages the plaintiff must prove either actual consumer confusion or deception . . . or that the defendant's actions were intentionally deceptive thus giving rise to a rebuttable presumption of consumer confusion"). JJVC offered no evidence that at the time the claims were made, either in the original or the revised sales aid, CIBA believed them to be false. Accordingly, because JJVC has failed to introduce any evidence that CBIA's actions were *intentionally deceptive*, no presumption of consumer confusion arises.

JJVC has elected not to introduce any ECP testimony or survey evidence to establish consumer confusion. The out of court statement of a single doctor does not

establish this element. In short, JJVC has failed to meet its burden on this necessary element as required by the case law. *E.g., Resource Developers, Inc. v. The Statue of Liberty-Ellis Island Foundation, Inc.*, 926 F.2d at 139. As such, its claim for CIBA's profits must be dismissed.

### III. CONCLUSION

For the foregoing reasons, CIBA Vision Corporation respectfully requests that the Court grant CIBA's Motion for Judgment as a Matter of Law on JJVC's claims for an accounting of profits.

Dated: New York, New York
February 12, 2007

                                **MCDERMOTT WILL & EMERY LLP**

By: _____
Chryssa V. Valletta (CV-8507)
340 Madison Avenue
New York, N.Y. 10173-1922
(212) 547-5400

-and-

Thomas P. Steindler
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000

*Attorneys for Defendant
CIBA Vision Corporation*